(No. 4215– )

Lee Mathewson, Claimant, vs. State of Illinois, Respondent.

*Opinion filed October 13, 1950.*

James O. Monroe, Jr., Attorney for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Delaney, J.

This claim is brought under Section 3 of the Workmen's Occupational Diseases Act by Lee Mathewson, claimant, for damages sustained as a result of contracting tuberculosis during the course of his employment by the above named respondent.

The record consists of the complaint, amended complaint, departmental report, transcript of evidence, claimant's X-Ray exhibits, motion of claimant for an extension of thirty days, letter waiving additional medical testimony, abstract of evidence and claimant's brief.

Claimant is married, and has one child. He was first employed by the State of Illinois as an attendant in 1935, and worked in that capacity until 1939. He was then transferred to a truck driver's position. He stopped work about September 7, 1948 to enter the Madison County Tuberculosis Sanitarium, and remained there three months for treatment. He was then hospitalized in Alton for eight days, and sent home.

The duties of a laundry truck driver include picking up laundry and dirty clothing around the institution, and delivering the clean laundry. He handled all the hospital laundry, and brought it to the laundry from the hospital premises.

Claimant cites this Court in the case of *Odle* vs. *State,* 16 C.C.R. 183 as holding that he is entitled to damages under Section 3 of the Workmen's Occupational Diseases Act. In that case, however, respondent violated the rules of the Department of Registration and Education.

On September 3, 1946, the Alton State Hospital published their Bulletin No. 160, which contained the following instructions:

"The Institution will secure wheeled carts equipped to hold laundry bags for the wards where there are contagious linens, if they do not now have them. The soiled linens will not be handled under any circumstances by patients, except those patients with arrested tuberculosis may help in the handling of linens in wards housing patients with active tuberculosis under direct supervision of employees. (This means in the presence and sight of employees.)"

"When linens are gathered into the laundry bags, such bags are to be closed, and are not to be opened until they are emptied into a washer in the laundry by an employee. In emptying the bags into the washer, the employee shall not handle the linens, but shall invert the bag, emptying its contents, and, thereafter, drop the bag into the washer."

The departmental report filed herein indicates that the provisions of Bulletin No. 160 were complied with. To establish negligence within the meaning of Section 3 of the Occupational Diseases Act, claimant must show

respondent violated (1) a rule or rules of the Industrial Commission made pursuant to the Health and Safety Act, or (2) violated a statute of this State intended for the protection of the health of employees, *Ramsey* vs. *State*, 18 C.C.R. 174.

It has not been shown that respondent has violated a rule of the Industrial Commission, or a statute of the State. Claimant's claim must be denied.

For the reasons assigned, the claim is denied.

Henry P. Keefe submitted his invoice in the sum of $32.00 for taking and transcribing the testimony in this case, which charge is fair, reasonable and customary. An award is, therefore, entered in favor of Henry P. Keefe in the sum of $32.00.